INSD Pro Se Civil Generic Complaint (unrelated to imprisonment) 12/19 (Adapted from AO Pro Se 1 (Rev. 12/16) Complaint for a Civil Case)

# UNITED STATES DISTRICT COURT

for the

Southern District of Indiana

**FILED**

**3:57 pm, Feb 14, 2022**

**U.S. DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Roger A.G. Sharpe, Clerk**

Case No.   1:22-cv-323-TWP-DLP

*(to be filled in by the Clerk's Office)*

**SHEDRICK NORTHERN**

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

**PORTER COUNTY SHERIFF'S DEPARTMENT, ET-AL**

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Jury Trial:   *(check one)*   ☒ Yes   ☐ No

## COMPLAINT FOR A CIVIL CASE

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date, the full name of a person known to be a minor, or a complete financial account number. A filing may include *only*: the last four digits of a social security number, the year of an individual's birth, a minor's initials, and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievances, witness statements, evidence, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

INSD Pro Se Civil Generic Complaint (unrelated to imprisonment) 12/19 (Adapted from AO Pro Se 1 (Rev. 12/16) Complaint for a Civil Case)

## I.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question          ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

**Fourteenth Amendment of the U.S. Constitution, 42 U.S. Code § 1981 - Equal rights under the law 42 U.S.C. § 1985(2)**

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual:

The plaintiff, *(name)*_____, is a citizen of the State of *(name)*_____, OR is a citizen of *(foreign nation)*_____

b.    If the plaintiff is a corporation, partnership, or other entity:

The plaintiff, *(name)*_____, is incorporated under the laws of the State of *(name)*_____, and has its principal place of business in the State of *(name)*_____.

Or is incorporated under the laws of *(foreign nation)*_____, and has its principal place of business in *(name)*_____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

INSD Pro Se Civil Generic Complaint (unrelated to imprisonment) 12/19 (Adapted from AO Pro Se 1 (Rev. 12/16) Complaint for a Civil Case)

2.    The Defendant(s)

a.    If the defendant is an individual:
The defendant, *(name)*___**GARY GERMANN**___, is a citizen of
the State of *(name)*_____**INDIANA**_____, OR is a citizen of
*(foreign nation)*_____.

b.    If the defendant is a corporation, partnership, or other entity:
The defendant, *(name)*___**PORTER COUNTY SHERIFF'S OFFICE**___, is incorporated under
the laws of the State of *(name)*_____**INDIANA**_____, and has its
principal place of business in the State of *(name)*_____.
Or is incorporated under the laws of *(foreign nation)*_____,
and has its principal place of business in *(name)*_____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____
_____
_____

## II.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | **SHEDRICK NORTHERN** |
| Street Address | **1101 CUMBERLAND CROSSING DRIVE #202** |
| City and County | **VALPARAISO, PORTER COUNTY** |
| State and Zip Code | **INDIANA, 46383** |
| Telephone Number | 312-292-1945 |
| E-mail Address | **SHEDRICKCHILDREN@GMAIL.COM** |

INSD Pro Se Civil Generic Complaint (unrelated to imprisonment) 12/19 (Adapted from AO Pro Se 1 (Rev. 12/16) Complaint for a Civil Case)

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation or other entity.  For an individual defendant, include   the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | **PORTER COUNTY SHERIFF'S DEPARTMENT** |
| Job or Title *(if known)* | **COUNTY SHERIFF'S** |
| Street Address | **2755 STATE ROAD 49** |
| City and County | **VALPARAISO. PORTER COUNTY** |
| State and Zip Code | **VALPARAISO, 46383** |
| Telephone Number | **219-477-3000** |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | **LATESHA MILLER** |
| Job or Title *(if known)* | |
| Street Address | **9333 SOUTH MAY** |
| City and County | **CHICAGO, COOK COUNTY** |
| State and Zip Code | **ILLINOIS, 60620** |
| Telephone Number | **312-722-1640** |
| E-mail Address *(if known)* | **MILLERLATESHA92@GMAIL.COM** |

Defendant No. 3

| | |
|---|---|
| Name | **PORTER COUNTY CLERK'S OFFICE** |
| Job or Title *(if known)* | **COUNTY CLERK OFFICE CLERK** |
| Street Address | **16 LINCOLNWAY SUITE 211** |
| City and County | **VALPARAISO, PORTER COUNTY** |
| State and Zip Code | **INDIANA, 46383** |
| Telephone Number | **219-465-3450** |
| E-mail Address *(if known)* | |

**GARY GERMANN**
**PORTER COUNTY PROSECUTOR**
**16 LINCOLNWAY SUITE 546**
**VALPARAISO, PORTER COUNTY**
**INDIANA, 46383**
**219-465-3415**
**pros@porterco.org**

INSD Pro Se Civil Generic Complaint (unrelated to imprisonment) 12/19 (Adapted from AO Pro Se 1 (Rev. 12/16) Complaint for a Civil Case)

**III.    Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

## SEE ATTACHMENTS

**IV.    Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## SEE ATTACHMENTS

## Jurisdiction and Venue

1. Plaintiff Shedrick Bowes-Northern is a resident of Indiana

2. Defendant Porter County Clerk's office is located in Valparaiso, IN

3. Defendant Gary Germann is a prosecutor for Porter County located in Valparaiso, IN

4. Defendant Porter County Sheriff's Department is an agency employed by Porter County Government located in Indiana

5. Defendant Latesha Miller is a resident of Chicago, IL.

6. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

7. The venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendants maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b); 42 U.S.C. § 2000e-5(f)(3).

## FACTS:

8.    On June 08, 2020, I filed an order of protection against Latesha Miller after she threatened to cause harm to me.

9.    On June 08, 2020, Porter County Magistrate Judge Ann Osan entered an ex parte order for protection, and a Notice appear was entered, setting the matter for a hearing on Wednesday, June 24, 2020.

10.    On June 24, 2020, after the hearing in which Latesha Miller and I were both in Court, Judge Ana Osan entered a two-year protection order against Latesha Miller. Porter County Sheriffs served Latesha Miller and me protection order in open Court. See Exhibit A, page 2, which says that Latesha Miller and I were present in Court on June 24, 2020.

11.    In Exhibit "A" section 1, Porter County Magistrate Judge Ana Osan ordered respondent Latesha Miller from threatening to commit domestic or family violence, stalking, sex offenses, a course of conduct involving repeated or continuing contact with Petitioner that is intended to prepare or condition the Petitioner for sexual activity, harassment against Petitioner and the following designated family or household members, if any:

12.    On exhibit "A," page 3, number 2 says that respondent Latesha Miller is prohibited from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with the Petitioner, except as it relates to parenting time issues.

13.    On exhibit "A," page 3, number 5, respondent Latesha Miller is permitted to occupy the same location as follows: Any location the parties use for parenting time exchanges.

14.    On exhibit "A," page 6 letter D it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030

15.    On exhibit "A," page 8, it says violation of this Order is punishable by confinement in jail, prison, and/or a fine.

16.    On July 02, 2020, I was on Facetime with the daughter I share with Latesha Miller. My daughter and I talked about going to the beach and popping fireworks with her siblings. Latesha Miller got on Facetime with me and told me that I'm not going to see our daughter on the 4th of July. Latesha Miller stated that she doesn't care about court orders given by Judge Fredrick Bates. Latesha Miller indicated that she would send Darius Woods over to my mother's house in South Haven to "Fuck me up" if I called the police to her grandmother's house again. I reported this incident to Porter County Sheriffs on July 7, 2020. Porter County Sheriff Larry Sheets told me that Latesha Miller doesn't have an active order of protection entered against her. Porter County sheriff Larry Sheets told me that the protection order for Latesha Miller had not been served as of July 02, 2020. Despite Latesha Miller and I being served in open Court.

17.    On July 03, 2020, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at Markham police station with our daughter. I called 911 to make a police report. Markham police officer CA Wright arrived. Markham police officer CA Wright created a report for Latesha Miller violating court orders given by Judge Fredrick Bates. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

18.    On July 07, 2020, I went into Porter County Sheriff's department to report the threats I received from Latesha Miller, Darius Woods (Latesha Miller's boyfriend), and Lataija Maebane (Latesha Miller sister). I went to Porter Superior court building to file an order of protection against Lataija Maebane and Darius Woods. Lataija Maebane and Darius Woods were both served. Porter County Magistrate Judge Ann Osan set a court hearing for August 13, 2020, for Lataija Maebane and Darius Woods. Darius Woods called in and gave the Porter County clerk his email address. Porter County Magistrate Judge Ann Osan stated that he was served and knew about the court date. Porter County Magistrate Judge Ann Osan granted me two-year Order of protection against Darius Woods on August 13, 2020.

19.    On July 31, 2020, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at

Markham police station with our daughter. I called 911 to make a police report. Markham police officer A. Braasch arrived. Markham police officer A. Braasch created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

20.     On July 31, 2020, Latesha Miller didn't show up to the court-ordered pickup and drop-off location ordered by Judge Fredrick Bates in case number 2018D79030 out of Cook County Circuit Court. Markham police officer Wright arrived after calling 911 to report Latesha Miller not showing up. I told Markham police officer A. Braasch that I needed a report for my court parentage case to prove that Latesha Miller did not show up to the Markham police department pickup and drop-off location. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Therefore, Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

21.     On August 14, 2020, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at Markham police station with our daughter. I called 911 to make a police report. Markham police officer R. Tolbert arrived. Markham police officer R. Tolbert created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

22.     On August 28, 2020, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at

Markham police station with our daughter. I called 911 to make a police report. Markham police officer R. Byrd arrived. Markham police officer R. Byrd created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

23.     On September 11, 2020, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at Markham police station with our daughter. I called 911 to make a police report. Markham police officer M. Woods arrived. Markham police officer M. Woods created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

24.     On September 25, 2020, Latesha Miller didn't show up to the court-ordered pickup and drop-off location ordered by Judge Fredrick Bates in case number 2018D79030 out of Cook County Circuit Court. Markham police officer R. Tolbert advised that Latesha Miller has violated the court order several times previously. I filed reports with the Markham police department( 20MK15493, 20MK14687, 20MK13920, and 20MK13138) regarding Latesha Miller's unlawful visitation/parenting interference. Markham police officer R. Tolbert told me to come in Monday to pick up a summons to Markham courthouse state attorneys. When I took summons to the Cook County state's attorney office. Inside the Markham courthouse, I was told by the Cook County state attorney office that Latesha Miller would have to be issued a ticket before they could charge her with interfering with parentage court orders. I told the Cook County state attorney's office that I informed Judge Fredrick Bates that Latesha Miller wasn't obeying his court orders on multiple court dates. The Cook County state attorney's office told me to return to Markham police station and tell them that they could do nothing. I went back to Markham police station after I left Markham courthouse. Markham police Lt Eric S. Blohm #315 stated to me that he didn't know what to do since Latesha Miller wasn't showing up and that she didn't live in the city of Markham. Markham police Lt Eric S. Blohm stated he never heard state attorneys say that you have to issue someone a ticket before they are charged with disobeying court-ordered parentage laws.

25.    On November 20, 2020, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at Markham police station with our daughter. I called 911 to make a police report. Markham police officer M. Sheets arrived. Markham police officer M. Sheets created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. I tried reaching Latesha Miller via Talking Parent App, but she didn't respond. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

26.    On December 04, 2020, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at Markham police station with our daughter. I called 911 to make a police report. Markham police officer A. Braasch arrived. Markham police officer A. Braasch created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

27.    On March 12, 2021, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at Markham police station with our daughter. I called 911 to make a police report. Markham police officer J. Johnson arrived. I showed the officer talking parenting messages, and Markham police officer J. Johnson created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

28.    On May 21, 2021, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at Markham police station with our daughter. I called 911 to make a police report. Markham

police officer A. Braasch arrived. Markham police officer A. Braasch created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

29.    On April 23, 2021, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at Markham police station with our daughter. I called 911 to make a police report. Markham police officer M. Woods arrived. Markham police officer M. Woods created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

30.    On March 12, 2021, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at Markham police station with our daughter. I called 911 to make a police report. Markham police officer J. Johnson arrived. Markham police officer J. Johnson created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. I tried reaching Latesha Miller via Talking Parent App, but she didn't respond. On exhibit "A," page 6, letter D, it says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

31.    On April 23, 2021, Latesha Miller violated the court order by Judge Fredrick Bates, case number 2018D79030. Latesha Miller didn't show up to pick up and drop-off location at Markham police station with our daughter. I called 911 to make a police report. Markham police officer M. Woods arrived. Markham police officer M. Woods created a new report for Latesha Miller violating court orders given by Judge Fredrick Bates. On exhibit "A," page 6,

letter D says that parenting time shall be unsupervised and shall occur as follows: Per the court order issued in the state of Illinois under cause # 2018D679030. In that court order that was given to Latesha Miller and me. It says that Father shall have parenting time every other weekend from 8:30 PM on Friday to Sunday at 7:00 PM with the exchange at the Markham police station. See Exhibit "B" for court order #2018D679030. Latesha Miller violated the Indiana protection order (64D01-2006-PO-4108) by not showing up at the pickup and drop-off location.

32.   Plaintiff Shedrick Bowes-Northern on numerous occasions, informed the Porter County Clerk office and Porter County Sheriffs that Latesha Miller was served an order of protection on June 24, 2020, in open Court.

33.   Plaintiff was told that Latesha Miller was never served an order of protection in open Court on June 24, 2020.

34.   Despite being advised and aware of Plaintiff filing order of protection and showing documents that Order of protection was filed. Defendants ignored Plaintiff safety

35.   Defendants failed to take any action to investigate Plaintiff's complaints or consider the safety of his protection

36.   As a direct and proximate result of one or more of the acts described above or omission of Defendants, Plaintiff was caused to suffer damages. Specifically, Defendant's actions resulted in distress to Plaintiff, pain and suffering, humiliation, embarrassment, fear, emotional trauma, emotional distress, mental anguish, disfigurement, the deprivation of his constitutional rights and dignity, interference with everyday life, and lost time.

37.   Defendants Porter County Sheriff's department, Porter County Clerk's office, and Porter County Prosecutor Gary Germann were on duty at all times relevant to this Complaint. The Defendants engaged in the conduct complained of, on or about said date, in the course and scope of employment and while on duty. Accordingly, this action is being brought with regard to the individual capacity of the Defendants.

## Conspiracy:

Some of all defendants conspired to cause damages to Plaintiff in the following matter:

a. by violating Plaintiff Fourteenth Amendment of the U.S. Constitution and the Fourth Amendment of the U.S. Constitution rights

b. by violating 42 U.S. Code § 1981 - Equal rights under the law

c. by violating 42 U.S.C. § 1985(2)

d. by violating 2020 Indiana Code TITLE 34. CIVIL LAW AND PROCEDURE ARTICLE 26. SPECIAL PROCEEDINGS: INJUNCTIONS AND RESTRAINING ORDERS CHAPTER 5. INDIANA CIVIL PROTECTION ORDER ACT

e. by violating I.C. 34-26-5-3 Forms; clerical assistance; protective order registry

f. by violating 2020 Indiana Code Title 33. Courts and Court Officers Article 32. Circuit Court Clerks Chapter 2. General Powers and Duties 33-32-2-9.2. Personal Liability of Clerk

Universal Citation: IN Code § 33-32-2-9.2 (2020)

g. by violating I.C. 34-26-5-3 Forms; clerical assistance; protective order registry

h. Defendant Latesha Miller violated 2017 Indiana Code TITLE 34. Civil Law and Procedure ARTICLE 15. CAUSES OF ACTION: DEFAMATION, LIBEL, AND SLANDER CHAPTER 1. Pleadings in Actions for Libel or Slander 34-15-1-1. Allegation; burden of proof

i. Defendant Latesha Miller violated I.C. 35-45-10-5 Criminal stalking Sec. 5. (a) A person who stalks another person commits stalking, a Level 6 felony.

j. Defendant Latesha Miller violated I.C. 34-6-2-51.5 "Harassment" and I.C. 35-45-10-2 "Harassment."

k. Defendant Latesha Miller violated I.C. 35-45-10-5 Criminal stalking

l. 2017 Indiana Code TITLE 33. Courts and Court Officers ARTICLE 32. CIRCUIT COURT CLERKS

CHAPTER 2. General Powers and Duties 33-32-2-9.2. Personal liability of clerk Universal Citation: IN Code § 33-32-2-9.2 (2017) I.C. 33-32-2-9.2 Personal liability of clerk

n. Negligence

o. The tort of intentional infliction of emotional distress ("IIED")

# Count 1

**Fourteenth Amendment of the U.S. Constitution -- Rights Guaranteed: Privileges and Immunities of Citizenship, Due Process, and Equal Protection, and the Fourth Amendment of the U.S. Constitution**

**Section 1. Rights Guaranteed**

**All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.**

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Defendants Porter County Sheriff's, Porter County Clerk's office, and Porter County Prosecutor Gary Germann's actions deprived Plaintiff of life, liberty, due process of law, and equal protection of the laws, violating the Fourth Amendment of the United States Constitution.

Defendants Porter County Sheriff's, Porter County Clerk's office, and Porter County Prosecutor Gary Germann failed to protect Plaintiff from harassment, stalking, emotional distress, and the protection order given.

Defendants Porter County Sheriff's, Porter County Clerk's office, and Porter County Prosecutor Gary Germann owed a duty of care to Plaintiff.

Defendants Porter County Sheriff's, Porter County Clerk's office, and Porter County Prosecutor Gary Germann breached this duty of care owed to Plaintiff

Defendants Porter County Sheriff's, Porter County Clerk's office, and Porter County Prosecutor Gary Germann failure to act or intervene resulted in Plaintiff injuries

Plaintiff was not protected by the laws of Indiana like any other citizen that received an Indiana Order of protection.

Plaintiff was granted an order of protection, but the Order of protection was never entered into Porter County Sheriff system, Porter County Clerk office system, or any other systems that Order of protection can be searched or found

Defendants Porter County Sheriff's, Porter County Clerk's office, and Porter County Prosecutor Gary Germann violated Plaintiff Fourteenth Amendment and Fourth Amendment of the U.S. Constitution rights

Defendants Porter County Sheriff's, Porter County Clerk's office, and Porter County Prosecutor Gary Germann actions (or failure to act) was the proximate cause of the injury, and Defendants could have foreseen this; and

Plaintiff suffered damages from Defendants Porter County Sheriff's, Porter County Clerk's office, and Porter County Prosecutor Gary Germann.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants.

Plaintiff also demands punitive damages, costs, and attorney's fees against Defendant Officers, and whatever additional relief this Court deems equitable and just.

# Count 2

## 42 U.S. Code § 1981 - Equal rights under the law

**(a)Statement of equal rights**

**All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.**

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Plaintiff Shedrick Bowes-Northern is a Hebrew-Israelite Judean, better known as African American or Black citizen of The United States of America, which is considered a minority.

Plaintiff wasn't protected equal benefits of laws and proceedings for security as enjoyed by white citizens

Porter County Superior Magistrate Judge Ana Osan granted protection for the plaintiff emergency protection order on June 24, 2020, for two years after the Plaintiff's emergency protection order on June 08, 2020, against Defendant Latesha Miller. The protection order was served to Latesha Miller in open Court on June 24, 2020,

Defendants Porter County Clerk office or Porter County Sheriffs didn't enter protection orders into their systems or other systems that protection orders are entered in.

Plaintiff showed Defendant Porter County Sheriff's office protection order against Latesha Miller signed and stamped by Magistrate Judge Ana Osan.

Porter County Sheriff Larry Sheets told the Plaintiff that the Order of protection was never served and isn't active until served.

Porter County Clerk's office and Porter County Sheriff's office conduct violated 42 U.S. Code § 1981 - Equal rights under the law United States constitutional laws.

Defendants Porter County Sheriff's office and Porter County Clerk's office were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff demands compensatory damages from Defendants. Plaintiff also demands punitive damages, costs, and attorneys' fees against Defendants, and any additional relief this Court deems equitable and just.

## Count 3

**42 U.S.C. § 1985(2) also state that two or more persons will be considered to have conspired to impede, hinder, obstruct, or defeat, the due course of justice if such persons conspire to: deny to any citizen the equal protection of the laws; or injure him/her or his/her property for lawfully enforcing the right of any person, or class of persons, to the equal protection of the laws.**

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Plaintiff re-alleges paragraphs 1 through something as though fully set forth herein

Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann conspired to impede, obstruct, defeat the due course of justice by allowing Plaintiff to be harassed, threatened, and intimidated

Plaintiff Shedrick Bowes-Northern is a Hebrew-Israelite Judean better known as African American or Black citizen of The United States of America.

Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann's actions deprived Plaintiff of equal protection of the laws, equal privileges, and immunities under the laws.

Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann conspired to interfere with Plaintiff Civil Rights

Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann owed a duty to the Plaintiff.

Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann breached this duty of care.

Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann's actions (or failure to act), the Plaintiff wouldn't have suffered the injury.

Plaintiff was not protected by the laws of Indiana like any other citizen that received an Order of protection.

Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann's conduct violated 42 U.S.C. § 1985(2).

All Defendant's actions (or failure to act) was the proximate cause of the injury, and Defendants could have foreseen this; and

Plaintiff suffered damages

WHEREFORE, Plaintiff demands compensatory damages from all Defendants. Plaintiff also demands punitive damages, costs, and attorney's fees against Defendant Officers, and whatever additional relief this Court deems equitable and just.

## Count 4
### 2020 Indiana Code
### TITLE 34. CIVIL LAW AND PROCEDURE
### ARTICLE 26. SPECIAL PROCEEDINGS: INJUNCTIONS AND RESTRAINING ORDERS
### CHAPTER 5. INDIANA CIVIL PROTECTION ORDER ACT

**IC 34-26-5-1**
**Prevention of domestic and family violence**
**Sec. 1. This chapter shall be construed to promote the:**
**(1) protection and safety of all victims of domestic or family violence in a fair, prompt, and effective manner; and**
**(2) prevention of future domestic and family violence.**

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Plaintiff filed an emergency protection order on June 08, 2020, that ordered was continued to June 24, 2020; Porter County Magistrate Judge Ana Osan granted Plaintiff protection order for two years on June 24, 2020

Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann didn't treat Plaintiff in a fair, prompt, and effective manner to prevent future domestic violence from Defendant Latesha Miller

Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann owed a duty to the Plaintiff.

Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann breached this duty; by not protecting Plaintiff from Defendant Latesha Miller's harassment, threats, and not correctly entering protection order into the system.

Defendant Defendants Porter County Sheriff's Office, Porter County Clerk's office, and Porter County Prosecutor Gary Germann actions or failure to act was the proximate cause of the injury, and Defendants could have foreseen this; and

Plaintiff suffered damages from Defendants negligent acts.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants.
Plaintiff also demands punitive damages, costs, and attorney's fees against Defendant Officers, and whatever additional relief this Court deems equitable and just.

# Count 5
### I.C. 34-26-5-3
### Forms; clerical assistance; protective order registry

(f) If an order for protection is issued under this chapter, the clerk shall comply with I.C. 5-2-9.
(g) After receiving a petition for an order for protection, the clerk of the circuit court shall immediately enter the case in the Indiana protective order registry established by I.C. 5-2-9-5.5

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Plaintiff was granted a two-year protection order against his daughter mother, Latesha Miller, on June 08, 2020,

Plaintiff was granted a two-year protection order against Darius Woods on August 13, 2020,

Porter County Clerk violated I.C. 34-26-5-3 by not immediately entering the two cases listed above in the Indiana order registry established by I.C. 5-2-9-5.5

Porter County Clerk actions (or failure to act) was the proximate cause of the injury, and Defendant could have foreseen this; and

Plaintiff suffered damages from these actions

WHEREFORE, Plaintiff demands compensatory damages from all Defendants.
Plaintiff also demands punitive damages, costs, and attorney's fees against Defendant Officers, and whatever additional relief this Court deems equitable and just.

# Count 6

**2020 Indiana Code**
**Title 33. Courts and Court Officers**
**Article 32. Circuit Court Clerks**
**Chapter 2. General Powers and Duties**
**33-32-2-9.2. Personal Liability of Clerk**
**Universal Citation: IN Code § 33-32-2-9.2 (2020)**

**Sec. 9.2. (a) A clerk is not personally liable for any act or omission occurring in connection with the performance of the clerk's official duties, unless the act or omission constitutes gross negligence or an intentional disregard of the responsibilities of the office of the clerk.**

**(b) The fact that a clerk is not personally liable under subsection (a) does not preclude an action against the clerk's bond based on an error or omission committed by the clerk.**

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Defendant Porter County Clerk's office had a duty to enter a protection order into the system and send the protection order to law enforcement.

Defendant Porter County Clerk's office failed to fulfill that responsibility by not entering the two-year protection order into the system that was granted to Plaintiff June 24, 2020, by Porter County Magistrate Judge Ana Osan against Latesha Miller

Porter County Clerk of the Court's gross negligence and intentional disregard of responsibilities violated Sec. 9.2. (a) of IN Code § 33-32-2-9.2

Porter County Clerk's office error and omission caused Plaintiff damages

Porter County Clerk's Office negligence was the proximate cause of the injury, and Defendants could have foreseen this; and

Plaintiff suffered damages from Porter County Clerk's office gross negligence.

WHEREFORE, Plaintiff demands compensatory damages from Porter County Clerk of the Courts. Plaintiff also demands punitive damages, costs, and attorney's fees against Defendant Officers, and whatever additional relief this Court deems equitable and just.

## Count 7

### I.C. 34-26-5-3

**Forms; clerical assistance; protective order registry**

**(f) If an order for protection is issued under this chapter, the clerk shall comply with I.C. 5-2-9. (g) After receiving a petition for an order for protection, the clerk of the circuit court shall immediately enter the case in the Indiana protective order registry established by I.C. 5-2-9-5.5**

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Plaintiff was granted a two-year protection order against his daughter mother, Latesha Miller, on June 08, 2020,

Plaintiff was granted a two-year protection order against Darius Woods on August 13, 2020,

Porter County Clerk violated I.C. 34-26-5-3 by not immediately entering the two cases listed above in the Indiana order registry established by I.C. 5-2-9-5.5

Porter County Clerk actions (or failure to act) was the proximate cause of the injury, and Defendant could have foreseen this; and

Plaintiff suffered damages from these actions

WHEREFORE, Plaintiff demands compensatory damages from all Defendants.
Plaintiff also demands punitive damages, costs, and attorney's fees against Defendant Officers, and whatever additional relief this Court deems equitable and just.


# Count 9

**2017 Indiana Code**
**TITLE 34. Civil Law and Procedure**
**ARTICLE 15. CAUSES OF ACTION: DEFAMATION, LIBEL, AND SLANDER**
**CHAPTER 1. Pleadings in Actions for Libel or Slander**
**34-15-1-1. Allegation; burden of proof**

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

On February 16, 2021, Defendant Latesha Miller lied to the Indiana department of children's service and told them that she had a no-contact order against Plaintiff.

On February 16, 2021, Defendant Latesha Miller told Indiana Children's service that Plaintiff was crazy. And that she intentionally violates the protection order and parentage plan order.

Defendant Latesha Miller violated the protection order by harassing Plaintiff, violating Indiana protection order.

Indiana department of children services is a third-party entity employed by the state of Indiana.

Defendant Latesha Miller lied to the Indiana Department of Children's service and said that Plaintiff made false allegations against her.

The entire statement Defendant Latesha Miller made is false, and it refers to Plaintiff by name and is understood by those who read the statement.

The statement exposes Plaintiff to hatred, ridicule, and contempt because it states that Plaintiff is incompetent as a father.

Defendant Latesha Miller's actions caused Plaintiff emotional distress, defamation of character, stress, depression, shame, loss of reputation, creditability, and sleep.

Under the laws in the State of Indiana, it is illegal and unlawful for a person to intentionally spread false statements with the intention to harm a person's reputation without factual evidence. Therefore, defendant Latesha Miller violated Indiana law code 34-15-1-1.

Defendant Latesha Miler's actions caused Plaintiff emotional distress, defamation of character, stress, depression, shame, loss of reputation, creditability, and sleep.

Defendant Latesha Miller's actions were the proximate cause of Plaintiff's injury.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants.
Plaintiff also demands punitive damages, costs, and attorney's fees against Defendant Officers, and whatever additional relief this Court deems equitable and just.

## Count 10

### I.C. 35-45-10-5 Criminal stalking
### Sec. 5. (a) A person who stalks another person commits stalking, a Level 6 felony.

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Defendant Latesha Miller stalked Plaintiff and placed Plaintiff in reasonable fear of death.

Defendant Latesha Miller was given a protection order in open Court on June 24, 2020, signed and stamped by Porter County Magistrate Judge Ana Osan. The protection order case number is 64DO1-2006-PO-4108. The Order was granted under I.C. 34-26-5.

Defendant Latesha Miller continued to stalk, harass, and threaten Plaintiff after serving a protection order on June 24, 2020.

Defendant Latesha Miller or failure to act was the proximate cause of the injury, and Defendants could have foreseen this; and

Plaintiff suffered damages from Defendant Latesha Miller.

WHEREFORE, Plaintiff demands compensatory damages from Latesha Miller.
Plaintiff also demands punitive damages, costs, attorney's fees against, and whatever additional relief this Court deems equitable and just.

## Count 11

### IC 34-6-2-51.5 "Harassment"
### Sec. 51.5. (a) "Harassment," for purposes of I.C. 34-26-5, means conduct directed toward a victim that includes, but is not limited to, repeated or continuing impermissible contact:

**(1) that would cause a reasonable person to suffer emotional distress; and**
**(2) that actually causes the victim to suffer emotional distress.**

**(b) "Harassment" does not include statutorily or constitutionally protected activity, such as lawful picketing pursuant to labor disputes or lawful employer-related activities pursuant to labor disputes.**

### IC 35-45-10-2 "Harassment"

As used in this chapter, "harassment" means conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a reasonable person to suffer emotional distress and that actually causes the victim to suffer emotional distress. Harassment does not include statutorily or constitutionally protected activity, such as lawful picketing pursuant to labor disputes or lawful employer-related activities pursuant to labor disputes.

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Defendant Latesha Miller caused Plaintiff mental anguish, stress, depression, and emotional distress by harassing, intimidating, and threatening Plaintiff, which violated the Order of protection and Indiana IC 35-45-10-2 "Harassment" and I.C. 34-6-2-51.5 "Harassment" laws.

Defendant Latesha Miller was aware of the protection order being granted and was served in open Court on June 24, 2020, by Porter County Sheriffs. She purposely, willfully, and attentionally harassed Plaintiff.

Defendant Latesha Miller actions are the proximate cause of Plaintiff injuries, and Defendant could have foreseen this; and

Plaintiff suffered damages from these actions

WHEREFORE, Plaintiff demands compensatory damages from Defendant Latesha Miller. Plaintiff also demands punitive damages, costs, and attorneys fees from Latesha Miller, and whatever additional relief this Court deems equitable and just.

# Count 12

### I.C. 35-45-10-5 Criminal stalking
Sec. 5. (a) A person who stalks another person commits stalking, a Level 6 felony.

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Defendant Latesha Miller stalked Plaintiff and placed Plaintiff in reasonable fear of death.

Defendant Latesha Miller was given a protection order in open Court On June 24, 2020, signed and stamped by Porter County Magistrate Judge Ana Osan. The protection order case number is 64D01-2006-PO-4108. The Order was granted under I.C. 34-26-5.

Plaintiff would like Federal prosecutors to file criminal charges against Defendant Latesha Miller for harassment, threats, and intimidation.

Defendant Latesha Miller continued to stalk, harass, and threaten Plaintiff after serving a protection order on June 24, 2020.

Defendant Latesha Miller or failure to act was the proximate cause of the injury, and Defendants could have foreseen this; and

Plaintiff suffered damages from Defendant Latesha Miller.

WHEREFORE, Plaintiff demands compensatory damages from Latesha Miller. Plaintiff also demands punitive damages, costs, attorney's fees, and whatever additional relief this Court deems equitable and just.

## Count 13
### 2017 Indiana Code
### TITLE 33. Courts and Court Officers
### ARTICLE 32. CIRCUIT COURT CLERKS
### CHAPTER 2. General Powers and Duties
### 33-32-2-9.2. Personal liability of clerk
### Universal Citation: IN Code § 33-32-2-9.2 (2017)
### I.C. 33-32-2-9.2 Personal liability of clerk

Sec. 9.2. (a) A clerk is not personally liable for any act or omission occurring in connection with the performance of the clerk's official duties, unless the act or omission constitutes gross negligence or an intentional disregard of the responsibilities of the office of clerk.

(b) The fact that a clerk is not personally liable under subsection (a) does not preclude an action against the clerk's bond based on an error or omission committed by the clerk.

(a) A clerk is not personally liable for any act or omission occurring in connection with the performance of the clerk's official duties, unless the act or omission constitutes gross negligence or an intentional disregard of the responsibilities of the office of clerk.
(b) The fact that a clerk is not personally liable under subsection (a) does not preclude an action against the clerk's bond based on an error or omission committed by the clerk.

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Defendant Porter County Clerk office never entered the protection order into the system after Judge Ana Osan granted two-year protection order on June 24, 2020,

Defendant Porter County Clerk acts and omission constitutes gross negligence and intentional disregard of responsibilities of the clerk's office that caused Plaintiff emotional distress, depression, stress, and mental anguish.

## Count 14

### Negligence

Under Indiana law, the tort of negligence consists of (1) a duty owed to the Plaintiff by the Defendant, (2) a failure of the Defendant to conform his conduct to the standard of care required by the relationship, and (3) an injury to the Plaintiff resulting from the Defendant's failure.1

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Plaintiff was granted two-year protection order on June 24, 2020, by Porter County Magistrate Judge Ana Osan. The protection order was served to Plaintiff and Defendant Latesha Miller in open Court by Porter County Sheriff's department.

Plaintiff presented physical protection order to Larry Sheet signed, dated, and stamped by Porter County Magistrate Judge Ana Osan.

On July 07, 2020, Plaintiff went into Porter County Sheriff's Office to file reports against Defendant Latesha Miller, Darius Woods, and Lataija Maebane (Latesha Miller's sister). Plaintiff was told by Porter County Sheriff's officer Larry Sheets that Latesha Miller was never served a protection order. Plaintiff advised Larry Sheets that Defendant Latesha Miller was served in open Court. Larry Sheets said he checked with the Civil Bureau, who announced that a protection order was issued but not served.

Porter County Clerk's office and Porter County Sheriff's Office failed to protect Plaintiff from threats, intimidation, and harassment from Defendant Latesha Miller.

Porter County Clerk's office owed Plaintiff duty to enter protection order into required systems and electronically send protection order to law enforcement departments. However, Porter County Clerk's office didn't fulfill that duty to keep Plaintiff, who's a victim of Domestic Violence, from further harassment, threats, and intimidation.

Porter County Sheriff's Office owed Plaintiff duty to honor protection stamped, signed, and dated by Porter County Magistrate Judge Ana Osan. However, Porter County Sheriff's Office

didn't fulfill that duty or enter the protection order into their system after Plaintiff presented the protection order to Porter County Sheriff's Officer Larry Sheets.

Defendant Porter County Sheriff's department and Porter County Clerk office negligence is the proximate cause of the injury, and Defendants could have foreseen this; and

Plaintiff suffered damages from Defendant Porter County Sheriff's department and Porter County Clerk office negligence.

WHEREFORE, Plaintiff demands compensatory damages from Defendant Porter County Sheriff's department and Porter County Clerk office.

Plaintiff also demands punitive damages, costs, and attorney's fees against Defendant Porter County Sheriff's department, Porter County Clerk office, and any additional relief this Court deem equitable and just.

# Count 15

**The tort of intentional infliction of emotional distress ("IIED")**

**arises when a defendant (1) engages in "extreme and outrageous" conduct that (2) intentionally or recklessly (3) causes (4) severe emotional distress to another.**

Plaintiff re-alleges paragraphs 1-36 through something as though fully set forth herein

Plaintiff suffered severe emotional distress from Porter County Sheriff's Department, Porter County Clerk's office, Latesha Miller, and Porter County Prosecutor Gary Germann's negligence.

Plaintiff couldn't spend time with his daughter that he shares with Defendant Latesha Miller. As a result, Plaintiff missed birthdays, holidays, school events, and other essential activities in his daughter's life.

Defendants Porter County Sheriff's department, Porter County Clerk office, Porter County prosecutor Gary Germann allowed Defendant Latesha Miller to intentionally, willfully, and purposely cause Plaintiff to fear for his safety and life.

Defendant Latesha Miller purposely, willfully, and intentionally caused the plaintiff emotional distress by not allowing Plaintiff to see his daughter in retaliation of him filing a protection order against her for prior threats, harassment, and intimidation issues.

Defendants Porter County Sheriff's department, Porter County Clerk office, Porter County prosecutor Gary Germann actions or failure to act was the proximate cause of Plaintiff emotional distress, and Defendants could have foreseen this; and

Plaintiff suffered damages from all defendants.

WHEREFORE, Plaintiff demands compensatory damages from all Defendants.

Plaintiff also demands punitive damages, costs, and attorney's fees against all Defendants, and whatever additional relief this Court deems equitable and just.

INSD Pro Se Civil Generic Complaint (unrelated to imprisonment) 12/19 (Adapted from AO Pro Se 1 (Rev. 12/16) Complaint for a Civil Case)

## V.      Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            02/11/22

Signature of Plaintiff